1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAIFUSIN CHIU,                          Case No.  2:23-cv-00835-DJC-JDP (PS)

12                  Plaintiff,               ORDER GRANTING PLAINTIFF'S
                                             APPLICATION TO PROCEED *IN FORMA*
13            v.                             *PAUPERIS*

14   PRESIDENT OF THE UNITED STATES,         ECF No. 4
     *et al.*,
15                                           FINDINGS AND RECOMMENDATIONS
                  Defendants.                THAT PLAINTIFF'S FIRST AMENDED
16                                           COMPLAINT BE DISMISSED AS
                                             FRIVOLOUS
17
                                             ECF No. 3
18
                                             OBJECTIONS DUE WITHIN FOURTEEN
19                                           DAYS

20
            Plaintiff's first amended complaint purports to assert claims against the President of the

21
     United States and One-Dollar Tree.  His complaint, however, fails to state a claim, and I will

22
     recommend that it be dismissed as frivolous.  I will grant plaintiff's application to proceed *in*

23
     *forma pauperis*, ECF No. 4, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and

24
     (2).

25
                              **Screening and Pleading Requirements**

26
            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

27
     Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

28

                                             1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint, which is largely incoherent, fails to assert any cause of action against either of the named defendants. *See generally* ECF No. 3. The sentences in the complaint are mostly nonsensical and give no notice of the claims that plaintiff is attempting to allege. For example, plaintiff writes, "999 USD Beegooggolplex Number President Show Down and USD Infinite President Show down Maximum Number to Infinite USD President Achievement versus no achievement Restrict versus picky Boundary line versus border line . . . ." *Id.* at 4.

The complaint fails to comport with Rule 8's requirement that it present a short and plain statement of plaintiff's claims. Fed. R. Civ. P. 8(a). Plaintiff names the President of the United States and One-Dollar Tree as defendants but asserts no discernable facts relating to them. Moreover, plaintiff's allegations against these defendants do not identify any actions taken by them that could support a claim for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts

which defendants engaged in that support the plaintiff's claim.").  Plaintiff must allege with at least some degree of particularity overt acts of defendants that support his claims.  *Id.*

The operative complaint should be dismissed for failure to state a claim.  Given the complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure the complaint's deficiencies, and so I recommend that dismissal be without leave to amend.[1]  *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 4, is granted.

Furthermore, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 3, be dismissed without leave to amend.

2. The Clerk of Court be directed to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

---

[1] Plaintiff has filed other complaints resembling in some ways the instant complaint, and none have survived screening. *See Chiu v. Trump*, 2:22-cv-00764-KJM-AC (PS) (May 11, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend and with prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (Oct. 24, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-00099-KJM-AC (PS) (Jan. 23, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. President of U.S.*, 2:23-cv-00098-KJM-JDP (PS) (July 11, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Bank of America*, 2:23-cv-01201-KJM-AC (PS) (Aug. 28, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend).

1  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

2  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5

6  Dated:    December 5, 2023

   JEREMY D. PETERSON
7  UNITED STATES MAGISTRATE JUDGE